Chen  v. Holder
BIA
Hom, IJ
A088 344 429

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11ᵗʰ day of September, two thousand twelve.

PRESENT:
JOSEPH M. McLAUGHLIN,
DEBRA ANN LIVINGSTON,
RAYMOND J. LOHIER, JR.,
    *Circuit Judges*.
_____

JUN MOU CHEN, AKA JUNMOU CHEN,
    *Petitioner*,

    v.                                    10-4671
                                          NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
    *Respondent*.
_____

FOR PETITIONER:        *Pro Se*.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Thomas B. Fatouros, Senior
                       Litigation Counsel; Annette M.
                       Wietecha, Office of Immigration
                       Litigation, United States Department
                       of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Jun Mou Chen, a native and citizen of the People's Republic of China, seeks review of a November 5, 2010, decision of the BIA affirming the December 1, 2008, decision of Immigration Judge ("IJ") Sandy K. Hom, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jun Mou Chen*, No. A088 344 429 (B.I.A. Nov. 5, 2010), *aff'g* No. A088 344 429 (Immig. Ct. N.Y. City Dec. 1, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, considering the totality of the

2

circumstances, base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim." *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir. 2008). We will "defer therefore to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make" such a ruling. *Xiu Xia Lin*, 534 F.3d at 167. In this case, the agency reasonably based its adverse credibility determination on the internal inconsistencies in Chen's testimony, and between his testimony and his asylum application, as well as his demeanor.

As the agency noted, there were discrepancies between Chen's testimony and his asylum application regarding his altercation with the cadres, and whether a particular officer fell down or was pushed by Chen. The agency properly relied on the cumulative effect of these inconsistencies to support the adverse credibility finding. *See* 8 U.S.C. § 1158(b)(1)(B)(iii) (an IJ may base a credibility determination on "the totality of the

3

circumstances, and all relevant factors"). The adverse credibility determination is further supported by the IJ's demeanor finding. In finding Chen not credible, the IJ reasonably relied in part on his demeanor, noting his long pauses before answering certain questions. Because the IJ was in the best position to observe Chen's manner while testifying, we afford this finding particular deference. *See Zhou Yun Zhang v. INS*, 386 F.3d 66, 73-74 (2d Cir. 2004), *overruled on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir. 2007).

Therefore, in this case, the totality of the circumstances support the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. Because the adverse credibility determination is dispositive of Chen's asylum claim, we do not reach his argument regarding resistance to a coercive population control program. Furthermore, because the only evidence of a threat to Chen's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for withholding of removal and CAT relief. *See Paul v.*

*Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk